UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID NAIL,

          Plaintiff,                              Hon. Janet T. Neff

v.                                             Case No. 1:12-CV-1345

BRENT MYERS, et al.,

          Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion for an Immediate Interlocutory Ex Parte Order for Relief</u>. (Dkt. #11). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

Plaintiff initiated this matter on December 11, 2012, against Brent Myers, Penny Adams, Bruce Lemmon, and Autumn Schrauben. Plaintiff alleges that as a result of Defendants' various actions and inactions he was improperly placed on a State of Indiana sex offender registry. Because Plaintiff has been permitted to proceed as a pauper in this matter, the Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. After conducting this review, the undersigned recommended that Plaintiff's claims against all Defendants be dismissed except Plaintiff's substantive due process and procedural due process claims against Defendant Myers which be permitted to go forward. (Dkt. #9). Plaintiff timely objected to this recommendation. (Dkt. #12). Resolution of Plaintiff's objections is pending before the Honorable Janet T. Neff.

In the present motion, filed the same day as the aforementioned Report and Recommendation was entered, Plaintiff expresses his unhappiness with the progress of this matter. Specifically, Plaintiff requests that his complaint "be served upon all defendants" and that the Court issue an Order that he be removed from the subject sex offender registry sites within 30 days.

For the reasons detailed in the Report and Recommendation, the Court concludes that Plaintiff has alleged facts sufficient to state a claim on which relief may be granted as to Defendant Myers only. Service of Plaintiff's complaint on the remaining defendants is, therefore, not appropriate. Accordingly, the undersigned recommends that Plaintiff's request to have his complaint served on "all defendants" be denied.

The undersigned further recommends that Plaintiff's request that the Court issue an Order that he be removed from the subject sex offender registry sites within 30 days be denied. Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding*

*Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff has failed to establish that he is likely to prevail in this matter or that he is likely to experience any *irreparable* harm in the absence of relief. The undersigned further concludes that at this juncture it is not in the public interest for the Court to interfere in the day-to-day operations of the Indiana Department of Corrections. Simply put, while Plaintiff has alleged facts, which if proven, may entitle him to relief, Plaintiff has yet to demonstrate that he is, as a matter of law, entitled (or even likely to be entitled) to the relief he seeks. Accordingly, the undersigned recommends that Plaintiff's request for injunctive relief be **denied**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for an Immediate Interlocutory Ex Parte Order for Relief</u>, (Dkt. #11), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 14, 2013

 /s/ Ellen S. Carmody_____
ELLEN S. CARMODY
United States Magistrate Judge