UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID NAIL,

    Plaintiff,

v.

BRENT MYERS *et al.*,

    Defendants.
_____/

Case No. 1:12-cv-1345

HON. JANET T. NEFF

**OPINION AND ORDER**

    Plaintiff initiated this matter in December 2012 against Defendants Brent Myers, Penny Adams, Bruce Lemmon and Autumn Schrauben, alleging that his name was improperly placed on a State of Indiana sex offender registry as a result of Defendants' various actions and inactions. Because Plaintiff was permitted to proceed as a pauper in this matter, the Magistrate Judge conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. The Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court dismiss Plaintiff's claims against all Defendants except Plaintiff's substantive due process and procedural due process claims against Defendant Myers, which would be permitted to go forward (Dkt 9). Plaintiff also filed a Motion for a Preliminary Injunction (Dkt 11), and the Magistrate Judge issued a second Report and Recommendation, recommending that this Court deny the motion (Dkt 13).

The matter is presently before the Court on Plaintiff's objections to both Reports and Recommendations (Dkts 12 & 14). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Reports and Recommendations to which objections have been made. The Court denies the objections and issues this Opinion and Order.

I

Plaintiff makes essentially five objections to the Magistrate Judge's Report and Recommendation recommending partial dismissal of his Complaint. First, Plaintiff argues that the Magistrate Judge erred inasmuch as the Magistrate Judge "never addressed the Plaintiff's two U.S. Constitutional violation claims" (Objs., Dkt 12 at ¶ 5). Plaintiff's first objection, however, is simply misplaced. The Magistrate Judge thoroughly analyzed Plaintiff's federal law claims (R&R, Dkt 9 at 5-10).

Second, Plaintiff argues that the Magistrate Judge's equal protection analysis "fall short" (Objs., Dkt 12 at ¶¶ 7-12). The Magistrate Judge determined that Plaintiff failed to state an equal protection claim because he failed to allege that he has been treated differently from anybody who is similarly situated (R&R, Dkt 9 at 6). According to Plaintiff, the allegations in his complaint meet the requirements for pleading an equal protection claim because "he is of similarly situated persons of innocence" (*id.* ¶ 9). However, Plaintiff cannot rely on the general category of "persons of innocence" in order to state an equal protection claim. *See, e.g.,Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (determining that the plaintiffs, in referencing "law-abiding Americans," "fail to make any comparison to similarly situated groups, and, read broadly, the Amended Complaint alleges injury to nearly all Americans"). Disparate treatment is

2

"the threshold element of an equal protection claim," *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006), and Plaintiff's objection demonstrates no error in the Magistrate Judge's determination that Plaintiff failed to state an equal protection claim.

Third, Plaintiff disagrees with the Magistrate Judge's recommendation to dismiss his substantive due process claim against Defendant Schrauben (Objs., Dkt 12 at ¶¶ 14-19). Plaintiff argues that while the Magistrate Judge characterized the mistake in Schrauben's January 11, 2012 letter as "an honest mistake," "[t]he point ... is not that a mistake has been made ...; rather it is the very real and valid point of fact that an alleged highly trained Michigan State official was not properly trained in the area of sexual offender registry requirements" (*id.* ¶ 18).

Plaintiff's argument is without merit. Plaintiff identifies no legal or factual error in the Magistrate Judge's analysis, and his mere disagreement with the Magistrate Judge's ultimate conclusion does not demonstrate error by the Magistrate Judge. Even if Plaintiff's failure-to-train variant was present in the allegations of his Complaint, the failure to train an official to avoid confusing two nearly identical statutory citations, accepted as true, likewise does not rise to the level of conduct that is "so brutal and offensive that it [does] not comport with traditional ideas of fair play and decency." *See Handy-Clay v. City of Memphis*, 695 F.3d 531, 547 (6th Cir. 2012). In short, Plaintiff's objection compels no result other than the recommended dismissal of his substantive due process claim against Defendant Schrauben.

Fourth, Plaintiff argues that the Magistrate Judge erred in not permitting all of his claims against Defendant Myers to proceed (Objs., Dkt 12 at ¶¶ 20-26). According to Plaintiff, the Magistrate Judge "minimized defendant Meyers [sic] slander, defamation and libel towards this Plaintiff" (*id.* ¶ 23). However, Plaintiff's assertions that "defendant Meyers [sic] acts towards this

Plaintiff was with intent, and slanderous, libelous and defamatory per se" do not demonstrate any factual or legal error in the Magistrate Judge's analysis. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678-79.

Last, Plaintiff argues that the Magistrate Judge erred in determining that his procedural due process allegations against Defendant Adams fail to state a claim (Objs., Dkt 12 at ¶¶ 28-35).[1] Plaintiff asserts that the "conspiracy between defendant Meyers [sic] and Adams deprived this Plaintiff of his liberty interest" (*id.* ¶ 32). Indeed, Plaintiff proposes a "supplemental amendment to his complaint incorporating Pamela Olmstead, and the VA chief of Police as conspiratorial agents acting with defendant Meyers [sic] and defendant Schrauben" (Objs., Dkt 12 at Page ID#79, ¶ G). According to Plaintiff, "it[']s peculiar that defendant Meyers [sic] did not place this Plaintiff on the Indiana sexual offender registry until 2010, which was when this Plaintiff was released from prison, and Ms. Olmstead would have been informed about it, especially when this Plaintiff went into the IDOC in 2005" (Objs., Dkt 12 at ¶ 38).

Plaintiff's objection wholly fails to address the deficiency the Magistrate Judge identified in his Complaint, to wit: that he failed to allege how Defendant Adams, who merely forwarded Plaintiff's email to Defendant Myers for Myers' review and response, deprived Plaintiff of a constitutionally protected liberty or property interest. Moreover, Plaintiff's view of the peculiarity of the timing of the actors, whether Adams and Meyers or additional yet-to-be named co-conspirators, remains nothing more than "a sheer possibility that a defendant has acted unlawfully," which is insufficient to state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] Plaintiff agrees that Defendant Lemmon is properly dismissed from this case (Objs., Dkt 12 at Page ID#79, ¶ E).

677-78 (2009). Neither Plaintiff's current allegations, nor his proposed amendment, cross the line from possibility to plausibility. *See id.* Plaintiff's objection demonstrates no error in the Magistrate Judge's recommendation to dismiss the procedural due process claim against Defendant Adams.

Having found no merit in Plaintiff's objections to the March 5, 2013 Report and Recommendation (Dkt 9), the Court approves and adopts the Report and Recommendation as the Opinion of the Court.

II

Plaintiff also objects to the Magistrate Judge's Report and Recommendation to deny his motion for injunctive relief, in which he requested that his Complaint be "served upon all Defendants" and that "an Immediate Ex Parte Order For Injunctive Relief be issued to Brent Meyers, Bruce Lemmon and Penny Adams to have this Plaintiff's name removed from the Indiana and Offendex.com sexual registry sites" (Mot., Dkt 11 at 6). For the reasons detailed in the first Report and Recommendation, the Magistrate Judge reiterated that Plaintiff had alleged facts sufficient to state a claim on which relief may be granted as to Defendant Myers only; therefore, the Magistrate Judge concluded that service of Plaintiff's Complaint on the remaining defendants would be inappropriate (R&R, Dkt 13 at 2). The Magistrate Judge also determined that Plaintiff had failed to establish that he was likely to prevail in this matter or "that he is likely to experience any *irreparable* harm in the absence of relief" (*id.* at 3 [emphasis in original]). Last, the Magistrate Judge determined that at this juncture, where Plaintiff has yet to demonstrate that he is, as a matter of law, entitled (or even likely to be entitled) to the relief he seeks, "it is not in the public interest for the Court to interfere in the day-to-day operations of the Indiana Department of Corrections" (*id.*).

5

In his objections to the Magistrate Judge's second Report and Recommendation, Plaintiff merely re-states, nearly verbatim, his objections to the first Report and Recommendation. Accordingly, for the reasons previously stated, the objections are denied, and the Magistrate Judge's June 14, 2013 Report and Recommendation is likewise approved and adopted as the Opinion of the Court.

Therefore:

**IT IS HEREBY ORDERED** that the objections (Dkt 12) are DENIED and the Report and Recommendation (Dkt 9) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (Dkt 1) is DISMISSED IN PART pursuant to 28 U.S.C. § 1915(e)(2), for the reasons stated in the Report and Recommendation; specifically, Plaintiff's claims against all Defendants are dismissed with the exception of Plaintiff's substantive due process and procedural due process claims against Defendant Myers, which are permitted to proceed.

**IT IS FURTHER ORDERED** that the Clerk shall forward Plaintiff's Complaint to the U.S. Marshals Service, which is authorized to mail a request for waiver of service to Defendant Myers in the manner prescribed by FED. R. CIV. P. 4(d)(2). If waiver of service is unsuccessful, then a summons shall issue and be forwarded to the U.S. Marshals Service for service under 28 U.S.C. § 1915(d). Defendant Myers shall reply to the Complaint by way of answer, motion to dismiss, or motion for summary judgment within the time allowed by law.

**IT IS FURTHER ORDERED** that the objections (Dkt 14) are DENIED and the Report and Recommendation (Dkt 13) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Preliminary Injunction (Dkt 11) is DENIED.

Dated: October 28, 2013            /s/ Janet T. Neff
                                                                JANET T. NEFF
                                                                United States District Judge