FILED - GR
April 30, 2014 9:19 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ns/ SCANNED BY: NS / 4/30

176 IN THE UNITED STATES DISTRICT COURT FOR

177 THE WESTERN DISTRICT OF MICHIGAN

178 SOUTHERN DIVISION.

179

180 _____/

181 David William Nail,
182                                                    The Honorable,
183                      Plaintiff,
184
185 -v,-                                              Case No.1:12-CV-1345
186
187 Brent Myers, Penny Adams,
188 Autumn Schrauben,
189
190                      Defendants.
191
192 _____/
193

194 **MEMORANDUM OF LAW / BRIEF IN SUPPOIRT OF THIS PLAINTIFF'S**

195 **MOTION TO STAY ALL PROCEEDING AND THEN TO LIFT**

196 **WHEN A NEW JUDGES IS ASSIGNED TO THIS CASE.**

197

198    Herein The Plaintiff David W. Nail In His Own Proper Person States The

199 Following To Be True To The Best Of His Knowledge And Information That He Has

200 Received And Believes To Be True.

201    This Pro Se Plaintiff David W. Nail states that on 12/11/2012 this case was filed

202 in the above captioned U.S. District Court and on 12/04/2013 (docket # 18.) this Plaintiff

203 filed an Affidavit and Motion for the recusal of Magistrate Judge Ellen S. Carmody and

204 U.S. District Judge Janet T. Neff for the reasons so stated in docket entries of; #12., 14.,

205 17., 18. and the reasons so stated within the lawsuit that has been filed on April 25th 2014
206 against the above named judges for their violations of this Plaintiff's U.S. Constitutional
207 rights in this case.
208   This Plaintiff states this memorandum of law/brief is in support of his motion and
209 provides the legal premises for this Plaintiff's above captioned motion to stay and to lift
210 the stay when a new U.S District judge has been assigned.
211   On 03/05/2013 (docket # 9.) Magistrate Judge Ellen S. Carmody filed her first
212 recommendation in this case and on 03/14/2013 (docket # 12.) this Plaintiff filed his first
213 objection against Magistrate Carmody's recommendation asserting amongst many issues,
214 that this Plaintiff was being held to a higher standard of pleadings than was permissible
215 by Magistrate Carmody and supported that claim with the following cases; Haines v
216 Kerner 92 Sct 594; Power, F.2d 1459 (11th Cir. 1990), Husley v. Owens 63 F3d 354 (5th
217 Cir. 1995), Hall v. Bellmon 935 F.2d, 1106 (10th Cir. 1991), Michael E. Love v. Kansas
218 City, Kansas Police Department, United States District Court for the District of Kansas,
219 Case No. 112139-Sac., Memorandum and Order, 19th day of April 2011 wherein this
220 Plaintiff stated he was not to be held to the same standards as a practicing lawyer wherein
221 the pleadings of the complaint and other documents are to be considered without regard
222 to technicalities.
223   This Plaintiff states that it is misconduct (judicial code of cannons 1 & 2) for
224 magistrate judge Carmody to write in her recommendation that this Plaintiff did not state
225 things in his complaint that he did; and it is a continuation of that misconduct for the
226 District judge Neff; pursuant to the Judicial Cannons # 1 and # 2 wherein judge Neff was

227 to be monitoring magistrate Carmody to uphold that misconduct of Defendant Carmody

228 by ordering that recommendation be upheld based on false information.

229      This plaintiff states that magistrate Carmody stated false outside of this case

230 information in her first recommendation (docket #9.) and pursuant to 28 U.S.C. § 144

231 (1970) this was grounds for her recusal inasmuch as this misconduct was based on her

232 opinions and abuse of discretion of her first recommendation of false information

233 creating a factual evidentiary dispute of which the Plaintiff brought to the attention of

234 judge Neff in his objections of docket entries #12 and #14 which was then ignored by the

235 adopting of her 10/28/2013 order (docket #15) of the magistrates recommendations of

236 docket entries #9 and #13.

237      This plaintiff states that on 11/25/2013 (docket # 17.) this Plaintiff filed a motion

238 for reconsideration of the Courts order of 10/28/2013 (docket # 15.) and shortly thereafter

239 filed on 12/04/2013 (docket # 18.) the motion for recusal of both magistrate Carmody and

240 judge Neff based on the evidentiary dispute; whereas to this date neither motion has been

241 addressed.

242      This Plaintiff states that the above statement is a documented truth, as the motion

243 to recuse and the motion for reconsideration has never been addressed or adjudicated to

244 this date of Thursday, April 17, 2014 as the docket sheet reflects and has been bias and

245 prejudicial towards this Plaintiff and his case.

246      Therefore when magistrate Carmody granted Brent Meyers attorney that motion

247 for an extension of time (Doc # 19.) on Jan. 3rd 2014 in this 1:12-cv-1345 case; while an

248 affidavit an motion for recusal (dated 12/04/2013, Doc # 18.) is still pending against her

249 and judge Neff and that pleading had not been adjudicated prior to the granting of

250 extension of time to Defendant Meyers to answer the complaint; she was acting without

251 jurisdiction or authority and in her individual personal capacity and outside her

252 immunity; as the wording to recuse under 28 U.S.C. § 144 (1970) utilizes the directive of

253 shall;

254 **"Such judge shall proceed no further;"**

255 wherein denying Defendant Carmody by federal statute any authority or jurisdiction

256 pursuant to 28 U.S.C. § 144 to grant that motion (or any motion) in this case for an

257 extension of time to answer the Plaintiff's complaint by Brent Meyers attorney and said

258 acts have been prejudice and bias towards this Plaintiff and this case.

259 This Plaintiff states that there are two sections of Title 28 of the United States

260 Code (the Judicial Code) that provide standards for judicial disqualification or recusal.

261 Section 455 captioned "Disqualification of justice, judge, or magistrate judge," provides

262 that a federal judge;

263 **"Shall disqualify himself in any proceeding in which his impartiality might**
264 **reasonably be questioned."**
265
266 The same section also provides that a judge *is disqualified* "where he has a personal bias

267 or prejudice concerning a party;" "Or personal knowledge of disputed evidentiary facts

268 concerning the proceedings."

269 This Plaintiff states that the misconduct and prejudice acts of judge Neff and

270 magistrate Carmody are obvious as this 1:12-cv-1345 cases docket sheet reflects that they

271 are jumping over motions and answering what they choose and when they choose and

272 stating false information about what this Plaintiff stated within his complaint; which are

273 all prejudicial and acts of misconduct against this Plaintiff.

11

274       This Plaintiff states that violations of this Plaintiff's United States 14th

275 Constitutional Amendment rights by magistrate Carmody and judge Neff as so stated in

276 the federal complaint that was filed on April 25th 2014 gives rise to this stay pursuant to

277 "Bivens v. Six Unknown Narcotics Agents 403 U.S. 388 (1971)" as the prejudicial and

278 acts of misconduct of magistrate Carmody and judge Neff to date has harmed this

279 Plaintiff;

280       **PRAYER FOR RELIEF;**

281                   **Therefore This Plaintiff;**

282

283

284   A.   **Moves For A Stay Of All Proceedings Until A New Judge Has**

285       **Been Assigned To This Case,**

286   B.   **That The Stay Be Lifted When A New Judge Has Been Assigned,**

287   C.   **That A Complete Reevaluation Of This Plaintiff's 1:12-Cv-1345**

288       **Complaint Be Made Upon The New Judges Assignment To This**

289       **Case Due To The Prejudicial and Acts Of Misconduct That Has**

290       **Taken Place Against This Plaintiff.**

291 _/s/ David W. Nail_

292 David W. Nail, Pro Se

293 1011 East Copeland Road,

294 Montgomery, MI, 49225

295 Phone 517-238-2374

296 Cell 517-227-8017

297

298

299 4/28/2014

300 Date

12