UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID NAIL,

    Plaintiff,                                Hon. Janet T. Neff

v.                                           Case No. 1:12-CV-1345

BRENT MYERS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment, (dkt. #65), and Plaintiff's Motion for Summary Judgment, (dkt. #68). In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for resolution of dispositive motions, the undersigned recommends that Plaintiff's motion be **denied**, Defendants' motion be **granted**, and this action **terminated**.

## BACKGROUND

Plaintiff initiated this action on December 11, 2012, asserting numerous state and federal law claims against four individuals. (Dkt. #1). The following allegations are contained in Plaintiff's complaint. Plaintiff was convicted in Michigan of parental kidnapping and served his sentence for such prior to the 1994 enactment of the Michigan Sex Offenders Registration Act. From 2005 through March 2010, Plaintiff was incarcerated by the Indiana Department of Corrections (IDOC). Plaintiff has not specified the nature of the conviction which precipitated his incarceration by the IDOC, other than to

assert that such did not obligate him to register as a sex offender.[1]  Following his 2010 release from custody, Plaintiff learned that he had been erroneously placed on Indiana's sex offender registry based on his prior Michigan conviction.

At some point, Plaintiff discussed this matter with Amy Hutchins, his probation officer. Hutchins investigated the matter and learned that Defendant Myers, the person responsible for managing the Indiana Sex and Violent Offender Registry, had "placed [Plaintiff] on the Indiana sexual Registry cite; which then went to the National sexual offender registry of Offendex.com."  As part of her investigation, Hutchins communicated with Defendant Schrauben, a Departmental Technician with the Michigan State Police.  On January 11, 2012, Schrauben authored a letter to Hutchins indicating that Plaintiff "does not have to register as a sex offender in the State of Michigan" because Plaintiff served his sentence for his Michigan conviction prior to the enactment of the Michigan Sex Offender Registration Act.  (Dkt. #1, Exhibit B).

On or about August 10, 2012, Plaintiff communicated via email with Defendant Adams, the Executive Assistant to Defendant Lemmon, the Commissioner of the Indiana Department of Corrections.  Plaintiff asserted that his inclusion in the Indiana Sex and Violent Offender Registry was in error and requested that he be removed from the Registry.  (Dkt. #1, Exhibit C).  Adams forwarded Plaintiff's email to Defendant Myers.  (Dkt. #1, Exhibit D).  Myers responded to Plaintiff, informing him that a review of the Indiana Sex and Violent Offender Registry revealed no evidence that Plaintiff was currently registered as a sex offender.  (Dkt. #1, Exhibit E).  Myers asked Plaintiff to provide him with certain information so that he could look into the matter.  (Dkt. #1, Exhibit E).  Plaintiff responded by again contacting Defendant Adams, who instructed Plaintiff to communicate directly with Myers in

---

[1] Defendant asserts that Plaintiff was convicted of stalking, an assertion which Plaintiff has not refuted.  (Dkt. #66 at Page ID#564).

an effort to resolve the matter. (Dkt. #1, Exhibit F). Plaintiff's erroneous placement on the Indiana Sex and Violent Offender Registry was never corrected.

Plaintiff alleges that Defendants violated his due process and equal protection rights under the Fourteenth Amendment and, moreover, committed defamation, slander, libel, and intentional infliction of emotional distress. The Court subsequently dismissed all of Plaintiff's claims save his procedural and substantive due process claims against Defendant Brent Myers. (Dkt. #9, 15). Defendant Myers now moves for summary judgment as to Plaintiff's remaining claims. Plaintiff has responded by likewise moving for summary judgment.

## **LEGAL STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by

admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*,

270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.      Substantive Due Process**

Substantive due process protects against deprivations of "a particular constitutional guarantee" as well as "claims that the government has acted in a way that 'shock[s] the conscience.'" *Handy-Clay v. City of Memphis*, 695 F.3d 531, 547 (6th Cir. 2012). When the conduct in question has been undertaken by an executive branch official, such violates substantive due process "only if it can be characterized as 'arbitrary, or conscience shocking, in a constitutional sense.'" *Id.* Only conduct "that is so brutal and offensive that it [does] not comport with traditional ideas of fair play and decency" runs afoul of this standard. *Id.* Plaintiff alleges that Defendant Myers erroneously added him to the

Indiana Sex and Violent Offender Registry and then intentionally failed to remove him from the Registry when the mistake was brought to his attention. The unrefuted evidence submitted by Defendant Myers, however, demonstrates that he is entitled to relief.

In September 2006, Plaintiff was identified as a "sexual offender" by the State of Indiana. (Dkt. #65, Exhibit A-2). Under then current Indiana law, characterization of Plaintiff as a sex offender was appropriate in light of Plaintiff's aforementioned kidnapping conviction. *See* Ind. Code §§ 11-8-8-5, 35-42-3-2 (2006). Defendant Myers asserts that he did not assume his present position as Director of Registration and Victim Services for the Indiana Department of Corrections until 2009 and, therefore, played no part in the decision to identify Plaintiff as a sex offender in 2006. (Dkt. #65, Exhibit A). Defendant Myers further asserts that when he was contacted by Plaintiff on August 10, 2012, Plaintiff was not identified as a sex offender on the Indiana Sex and Violent Offender Registry. (Dkt. #65, Exhibit A). Defendant Myers further asserts that the records concerning Plaintiff's previous identification as a sex offender are not accessible by or available to the public. (Dkt. #65, Exhibit A). As for Plaintiff's identification as a sex offender on the Offendex.com website, Defendant Myers asserts that the Offendex web site "is not operated, controlled by or associated with the DOC [Department of Corrections], the State of Indiana or its affiliates." (Dkt. #65, Exhibit A). Myers further asserts that he has "no affiliation, involvement with or control over Offendex.com." (Dkt. #65, Exhibit A).

Plaintiff has failed to present any evidence to the contrary in either his response to Defendant's motion or in his own motion for summary judgment. While Plaintiff has submitted voluminous pleadings in response to Defendant's motion and in support of his own motion, he has failed to submit a properly executed affidavit or any other admissible evidence which advances his position.

Instead, Plaintiff opposes Defendant's motion based upon conjecture and legal conclusions, not to mention lengthy discussions concerning the many claims that the Court previously dismissed.

Plaintiff's claim is based on the allegation that Defendant Myers erroneously added him to the Indiana Sex and Violent Offender Registry and then intentionally failed to remove him from the Registry when the mistake was brought to his attention. Defendant Myers has established that he was not involved with the decision to place Plaintiff on the Indiana Sex and Violent Offender Registry and, furthermore, that Plaintiff was not listed on the Indiana Sex and Violent Offender Registry when Plaintiff contacted him in 2012. Defendant Myers has further established that Plaintiff's initial placement on the Indiana Sex and Violent Offender Registry was consistent with Indiana law. Accordingly, the undersigned recommends that as to Plaintiff's substantive due process claim, Defendant's motion be granted and Plaintiff's motion be denied.

## II.        Procedural Due Process

Pursuant to the Due Process Clause of the Fourteenth Amendment, before depriving an individual of life or certain liberty or property interests the state must afford the individual with notice and an opportunity to be heard. *See Brentwood Academy v. Tennessee Secondary School Athletic Association*, 442 F.3d 410, 433 (6th Cir. 2006), *rev'd on other grounds*, 127 S.Ct. 2489 (2007); *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). The Due Process Clause is not implicated by any and every deprivation of liberty or property, but instead applies only where an individual has been deprived of a *constitutionally protected* liberty or property interest. *See Brentwood Academy*, 442 F.3d at 433. The first step, therefore, in assessing whether Plaintiff suffered a violation of his procedural due

process rights is to determine whether he was deprived of a constitutionally protected liberty or property interest.

In *Paul v. Davis*, 424 U.S. 693 (1976), the Supreme Court observed that "reputation alone, apart from some more tangible interests such as employment, is [neither] 'liberty' [n]or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause." *Id.* at 701. The Court further recognized, however, that "there exists a variety of interests which are difficult of definition but are nevertheless comprehended within the meaning of either 'liberty' or 'property' as meant in the Due Process Clause." *Id.* at 710. Accordingly, as pertains to alleged injuries to reputation, the *Davis* Court articulated what has become known as the stigma-plus test. *Id.* at 708-09. Pursuant to this test, a plaintiff alleging a procedural due process violation resulting from an injury to reputation must "show that the state's action both damaged his or her reputation (the stigma) and that it deprived [him or her] of a right previously held under state law." *Doe v. Michigan Department of State Police*, 490 F.3d 491, 501-02 (6th Cir. 2007) (quoting *Davis*, 424 U.S. at 708).

Plaintiff alleges that his identification as a sex offender by the State of Indiana was defamatory and injured his reputation thereby impairing his ability to obtain employment. Plaintiff further alleges that he was not afforded sufficient process prior to being placed on the Indiana Sex and Violent Offender Registry. As discussed above, however, Defendant Myers was not involved in the decision to identify Plaintiff as a sex offender in 2006. Moreover, by the time Plaintiff contacted Defendant Myers concerning this matter, Plaintiff was not listed as a sex offender on the Indiana Sex and Violent Offender Registry. Thus, Defendant Myers did not engage in any conduct which deprived Plaintiff of his right to procedural due process. Accordingly, the undersigned recommends that as to

Plaintiff's procedural due process claim, Defendant's motion be granted and Plaintiff's motion be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion for Summary Judgment</u>, (dkt. #65), be **granted**; <u>Plaintiff's Motion for Summary Judgment</u>, (dkt. #68), be **denied**; and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 13, 2015        /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge